IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                               )
JULIAN P. GEHMAN,              )
                               )
            Plaintiff,         )
                               )
v.                             )      Civil Action No. 05-162
                               )
MICHAEL RAYMOND CROUCHER,      )
et al.,                        )
                               )
            Defendants.        )
_____)
```

**MEMORANDUM OPINION**

This matter comes before the Court on Motions to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, Venue, Forum Non Conveniens, and Failure to State a Claim filed by Defendants Elan, Oracle, Corinne McLaughlin, Glenn Sanders, Pati Carlson and Rolltronics Foundation (collectively "moving Defendants"). On March 13, 2002, Defendant Gordon Davidson traveled to Arlington, Virginia to promote Rolltronics Corporation ("Rolltronics") to prospective investors. On April 1, 2002, after at least two discussions by phone and email with Rolltronics' Chief Executive Officer, Defendant Michael Croucher, a/k/a Michael Sauvante, ("Croucher"), Plaintiff wired $50,000.00 to Rolltronics for the purchase of 100,000 shares of A-5 preferred stock. In the Summer of 2003, Plaintiff received three phone calls from Croucher regarding investment opportunities in

Voltaflex Corporation ("Voltaflex"). On October 16, 2003, Plaintiff wired $30,000 to Voltaflex to purchase 7,500 shares of Voltaflex A-2 Preferred Stock. Subsequently, Defendants Davidson and Croucher traveled to Virginia to meet with Plaintiff and other Rolltronics and Voltaflex shareholders. In addition to alleging primary violations of securities fraud by all Defendants, Plaintiff asserts that the moving Defendants are secondarily liable as control persons, pursuant to 15 U.S.C. § 78t (1997) and Va. Code Ann. § 13.1-522(C) (1997). The Complaint alleges nine counts of statutory and common law fraud on the part of the officers and directors of Rolltronics and Voltaflex.

When ruling on a motion to dismiss, this Court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must consider the facts in the light most favorable to the plaintiff, unreasonable conclusions without factual support, unwarranted inferences, and arguments are insufficient to state a claim upon which relief can be granted. Id.

Defendants move to dismiss on the grounds that this Court lacks personal jurisdiction over the moving Defendants. The Court finds, however, that it does have personal jurisdiction over the moving Defendants, because a provision in the Securities Exchange

Act provides for personal jurisdiction as long as a defendant has minimum contacts with the United States. 15 U.S.C. § 78aa (1997); Fitzsimmons v. Barton, 589 F.2d 330, 333 (7th Cir. 1979); Mariash v. Morrill, 496 F.2d 1138, 1143 (2nd Cir. 1974); D'Addario v. Geller, 264 F. Supp. 2d 367, 384 (E.D. Va. 2003) (reversed on other grounds, D'Addario v. Geller, 2005 U.S. App. LEXIS 3233 (4th Cir. 2005)); Med-Therapy Rehabilitation Servs., Inc. v. Diversicare Corp., 768 F. Supp. 513, 515 (W.D.N.C. 1991). This Court also has subject matter jurisdiction because Counts I and VI allege violations of a federal statute.

Additionally, venue is proper in any district where (1) any defendant resides, if all defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant is subject to personal jurisdiction at the time the action is commenced if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a) (2004). Plaintiff alleges that Defendants traveled to Virginia to offer and sell securities and that it was on these trips to Virginia that a substantial number of fraudulent statements were made. The Court finds, therefore, that venue is proper in the Eastern District of Virginia. Furthermore, this Court cannot abstain because the Complaint contains allegations that Defendants breached a federal statute and it is improper for a federal court to abstain from exercising exclusive federal

jurisdiction. Gross v. Weingarten, 217 F.3d 208, 224 (4th Cir. 2000). Therefore, Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) should be denied.

Defendants also move to dismiss the Complaint for failure to state a claim with the sufficient particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b) (2004). A Complaint's "lack of compliance with 9(b)'s pleading requirements is treated as a failure to state a claim under 12(b)(6)." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999). Particularity in pleading refers to "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. at 784 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Additionally, the Private Securities Litigation Reform Act ("PSLRA") further requires a plaintiff, who brings a private action under the Securities Exchange Act and alleges misleading statements or omissions, to "specify each statement alleged to have been misleading, the reason or reasons why the statement is

4

misleading, and, if an allegation regarding the statement or omissions is made on information and belief, the complaint shall state with particularity all the facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1) (1997). If a plaintiff does not meet the pleading requirements under PSLRA, on the motion of any defendant, the court shall dismiss the complaint. 15 U.S.C. § 78u-4(b)(3)(A) (1997).

Count I alleges fraud in the offer and sale of securities in violation of the Securities Exchange Act, and is subject to Federal Rule of Civil Procedure 9(b) and PSLRA's heightened pleading requirements. Counts II, IV, VII, VIII, and IX allege that the Defendants made fraudulent statements or representations to induce Plaintiff to buy securities in violation of Virginia statute and Virginia common law, and are subject to Federal Rule of Civil Procedure 9(b). Throughout the Complaint Plaintiff merely concludes that Defendants made fraudulent statements without further elaborating upon what those statements were and why they were false and material. The Complaint also makes allegations based on information and belief but does not state with any particularity the facts on which that belief is formed. With respect to Count I, the Court finds that Plaintiff has failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and PSLRA. Also, the Court finds that Plaintiff has failed to plead Counts II, IV, VII, VIII, and

5

IX with the particularity required by Federal Rule of Civil Procedure 9(b). Accordingly, the moving Defendants should be dismissed from Counts I, II, IV, VII, VIII, and IX.

Additionally, Counts V and VI allege that Defendants are secondarily liable to Plaintiff, under Virginia Code Ann. § 13.1-522(C) (1999) and 15 U.S.C. § 78t(a) (1997) respectively, because they controlled the persons who committed the fraudulent acts. Although claims under the federal statute are not subject to the heightened pleading requirements in 9(b) and Section 78u-4 because fraud is not an element of Section 78t(a), in order to properly set forth a "control" claim under the federal statute, a plaintiff must allege that the defendant directly or indirectly "controls any person liable under any provision of [the Securities Exchange Act]." 15 U.S.C. § 78t(a) (1997). Likewise, under Virginia Code, a plaintiff must allege that the defendant "directly or indirectly controls a person liable [as a primary violator]." Va. Code Ann. § 13.1-522(C) (1999). Because control liability is predicated on a primary violation of the federal or state statute, and Plaintiff has failed to sufficiently plead a primary violation, Counts V and VI should also be dismissed. See Longman v. Food Lion, Inc., 197 F.3d 675, 686 (4th Cir. 1999) (holding that the plaintiff could not sustain a claim for control liability because there was no evidence of a primary violation).

Moreover, Plaintiff has also failed to allege facts sufficient to support his claim that the moving Defendants had the power to control the primary actors and that they induced the fraudulent acts in bad faith. Even on a motion to dismiss, Plaintiff must allege facts sufficient to support his conclusions. <u>Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F.3d 175, 180 (4th Cir. 2000). Plaintiff's mere conclusions regarding Defendants' control are insufficient to state a claim. Accordingly, Plaintiff's Complaint should be dismissed.

An appropriate Order shall issue.

                                      /s/
                            _____
                            CLAUDE M. HILTON
                            UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 6, 2005