IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

_____
                                      )
JULIAN P. GEHMAN,                     )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )   Civil Action No.   05-0162
                                      )
MICHAEL RAYMOND CROUCHER aka          )
MICHAEL DAVID SAUVANTE, et al.,       )
                                      )
        Defendants.                   )
_____)

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Issue Settlement Order and Plaintiff's Motion for Costs, Interest, and Fees.

The Court finds that Plaintiff has not presented evidence of an actual settlement agreement containing specific terms and conditions that the Court could recognize and incorporate into a final order for the Court to enforce.

As to Plaintiff's request for attorney's fees, costs, and interest, Plaintiff must show that he is the prevailing party in the action.  There is no evidence that Plaintiff is the prevailing party as opposed to a willing participant in a settlement that discharged the claims of the parties without assigning fault.  Also, the Court cannot grant attorney's fees to

Plaintiff in this case as he proceeded pro se and incurred no attorney's fees. See Bond v. Blum, 317 F.3d 385, 398-99(4th Cir. 2003). Furthermore, some of the fees requested relate to an earlier case, that Plaintiff claims he owes to Daniel Ball and the fee the Court ordered to be paid to Defendant upon commencement of this lawsuit. Plaintiff can only recover fees from this case, not fees from another law suit. Also, Plaintiff has not provided evidence to show that any work done by other attorneys, Shirley Wang and Cochran & Owen, relates to this case or why he should recover the costs associated with their work.

Plaintiff also seeks interest pursuant to the Virginia Securities Act (Act). Va. Code Ann. § 13.1-522(A) (1999). Plaintiff asks the Court to find that the interest calculation from the Act of 6% per year times the amount of the investment applies here where any liability from the alleged settlement could have been based on several different claims. Id. Again, Plaintiff has failed to present any evidence that he is the prevailing party in this action, nor has he presented any other evidence that would entitle him to an award of interest.

Finally, as to Plaintiff's request for costs, Plaintiff has the same problem as noted above in that he cannot show that he is the prevailing party in this action. Absent this showing, there does not appear to be any statutory right to costs for Plaintiff, and the Court declines to award Plaintiff costs pursuant to Fed.

R. Civ. P. 54 and 28 U.S.C. § 1920 (2000). Thus, it is hereby

ORDERED that Plaintiff's Motion to Issue Settlement Order and Plaintiff's Motion for Costs, Interest, and Fees are DENIED, and it is further ORDERED that the parties SHOW CAUSE within 20 days of the entry of this Order why this case should not be dismissed as settled.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 29, 2005